UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          Case No.  8:03-cr-164-T-23MAP
                                                      8:04-cv-2073-T-23MAP
PEDRO ANTONIO SIJUENTES
_____/

UNITED STATES OF AMERICA

v.                                          Case No.  8:03-cr-164-T-23MAP
                                                      8:04-cv-2105-T-23MAP
JULIO HENRIQUE
_____/

UNITED STATES OF AMERICA

v.                                          Case No.  8:03-cr-164-T-23MAP
                                                      8:04-cv-2125-T-23MAP
GABRIEL HINOJOSA,
_____/

## REPORT AND RECOMMENDATION

Sijuentes, Henrique, and Hinojosa are codefendants in a high seas smuggling
venture involving multi-kilogram quantities of cocaine aboard a stateless vessel.  Each
plead guilty to conspiracy pursuant to identical plea agreements with the same waiver of
appeal provision.  All are now serving prison terms of 135 months at FCI Fort Dix, New
Jersey  And all have filed nearly identical motions to vacate their sentence pursuant to 28
U.S.C. § 2255 raising the same issue: defense counsel was constitutionally ineffective for
failing to file a notice of appeal after being instructed to do so. After a combined evidentiary

hearing on their claims, I find none of the defendants timely asked his attorney to appeal his sentence. Accordingly, I recommend the district judge deny their motions.[1]

I.

Common facts pertain to all three defendants. All three are Colombian nationals who spoke no English at the time of their pleas. All were represented by appointed counsel who used court-certified interpreters to communicate with them. And all plead guilty pursuant to plea agreements with the same waiver of appeal.

> [The defendant] expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).[2]

A. Pedro Antonio Sijuentes

Thomas Ostrander, Sijuentes's counsel, consulted with Sijuentes about the appeal waiver provision at least four times: before accepting the agreement, while reviewing the agreement, while preparing for the change of plea, and while preparing for sentencing. Ostrander explained to Sijuentes that no basis for an appeal would exist unless one of the sentencing exceptions occurred. Contrary to the statements Sijuentes made in his motion,

---

[1] The district judge referred these matters to me with instructions to appoint counsel for the defendants, conduct an evidentiary hearing, and issue a report and recommendation. *See* 28 U.S.C. § 636 and Local Rule 6.01(c)(17).

[2] See Sijuentes's Plea Agreement ¶5 at 11-12 (Doc. 88), Hinjosa's Plea Agreement ¶5 at 11-12 (Doc. 109); and Henrique's Plea Agreement ¶5 at 11-12 (Doc. 90). This waiver is uniformly present in the plea agreements filed in this division.

Sijuentes never told Ostrander at sentencing that he wanted to appeal. Although Sijuentes later contacted Ostrander and inquired about an appeal, Sijuentes never indicated to Ostrander during the ten-day period for filing a notice of appeal that he wanted to appeal. Ostrander did not, after the imposition of sentence, consult Sijuentes about appealing. Notwithstanding the appeal waiver, Ostrander would have filed a notice of appeal if Sijuentes had indicated a desire to appeal.

### B.  Gabriel Hinojosa

Hinojosa's defense counsel, Mark Ciaravella, explained the plea agreement to Hinojosa paragraph-by-paragraph, including the appeal waiver. After again having the appeal waiver explained at the change of plea hearing, Hinojosa represented that he understood the waiver. Hinojosa never timely directed his defense counsel to appeal. Indeed, he admits he first told counsel to appeal approximately two months after sentencing when counsel was at the jail visiting another client. Defense counsel did not, after the imposition of sentence, consult Hinojosa about appealing.[3]

### C  Julio Henrique

Henrique's defense counsel, John Kingston, likewise had an interpreter read the plea agreement to Henrique word-for-word. Kingston explained to Henrique the meaning of the appeal waiver and believed that Henrique understood the appeal waiver. Indeed, Henrique admitted at the evidentiary hearing he understood the appeal waiver to mean that he was "stuck" with whatever sentence the judge imposed  And he also admitted that he never

---

[3]  Neither side called Hinojosa's counsel as a witness.

informed Kingston at sentencing that he wanted to appeal. Although Henrique now asserts

he sent Kingston a letter within the ten-day period requesting Kingston to take an appeal, I

do not find that testimony to be credible. First, Kingston's file does not include such a letter,

and Kingston does not recall ever receiving one. Further, Henrique also testified that he

filed an appeal, but the court denied it. The docket, however, neither contains a

communication from Henrique about an appeal nor any ruling denying an appeal. In short,

Kingston never received any type of communication from Henrique asking his lawyer to

appeal. And while Kingston did not consult with Henrique after the imposition of sentence

about an appeal, Kingston would have filed a notice of appeal if Henrique had wanted to

appeal.

II.

To prevail, each defendant must satisfy Strickland's test for constitutionally

ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984). Namely,

and as the Eleventh Circuit has reiterated:

> [F]irst, the defendant must show that counsel's performance was deficient.
> This requires showing that counsel made errors so serious that counsel was
> not functioning as the "counsel" guaranteed the defendant by the Sixth
> Amendment. Second, the defendant must show that the deficient
> performance prejudiced the defense.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998). In the current setting, the

Supreme Court's decision in Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000) governs

the analysis. See also, Otero v. United States, 499 F.3d 1267 (11th Cir. 2007). Flores-

Ortega recognized three possible scenarios. Counsel fails to file an appeal even though the

defendant unquestionably expresses his desire to appeal. In such a circumstance, "[A]

- 4 -

defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision: filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes." Flores-Ortega, 528 U.S. at 477. Next, the defendant faults counsel for not appealing even though the defendant stated that he did not want an appeal. This is at the "other end of the spectrum" from the previous circumstance. Consequently, "a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." Id. Lastly, the defendant does not clearly express his desire to appeal. Id.

None of the defendants ever timely asked their appointed counsel to appeal.[4] Nonetheless, even assuming each defendant failed to clearly express his desire for an appeal, each defendant's claim fails. Flores-Ortega provides guidance for dealing with such equivocal events:

> In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. We employ the

---

[4] The timely filing of a notice of appeal is mandatory and jurisdictional; consequently, if a defendant in a criminal case unduly delays in filing a notice, a court of appeals is without jurisdiction to review a decision on the merits. United States v. Machado, 465 F.3d 1301, 1305 (11th Cir. 2006). In a criminal case, a defendant's notice of appeal "must be filed in the district court within 10 days after the later of ... the entry of judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A)(i). The district court may extend the ten day period for up to thirty days if the defendant shows excusable neglect. Fed. R. App. P. 4(b). Hence, even if there is excusable neglect, the latest a defendant may wait before appealing a final order in a criminal case is forty days after it was entered. Machado at 1305.

- 5 -

term "consult" to convey a specific meaning—advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal. . . . If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance. That question lies at the heart of this case: Under what circumstances does counsel have an obligation to consult with the defendant about an appeal?

Roe v. Flores-Ortega, 528 U.S. at 478.

Consulting a client about appealing is not constitutionally required in every case.

"We cannot say, as a *constitutional* matter, that in every case counsel's failure to consult

with the defendant about an appeal is necessarily unreasonable, and therefore deficient."

Roe v. Flores-Ortega, 528 U.S. at 479 (emphasis original). See also, Otero, 499 F.3d at

1270 ("A criminal defense lawyer is not under a per se constitutional obligation to consult

with his or her client about an appeal. In some cases, the Sixth Amendment requires such

consultation; in others, it does not."). Flores-Ortega, 528 U.S. at 480, identifies two

situations where counsel is constitutionally required to consult the client about appealing.

[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known.

Since none of the defendants timely expressed any interest in appealing, only the first

scenario applies here.

- 6 -

A "highly relevant factor" for determining whether a rational defendant would want to appeal, as the Supreme Court observed, is whether the defendant plead guilty and waived his appellate rights:

> Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights.

Flores-Ortega, 528 U.S. at 480. Each counsel thoroughly discussed the appeal waiver with his client. Each defendant understood the waiver of appeal and knowingly waived his right to appeal under oath at the change of plea hearing. And each received the sentence reductions he bargained for in his plea agreements. In short, none of the defendants possessed nonfrivolous grounds for an appeal.

Contrary to the argument at the conclusion of the evidentiary hearing by counsel for the defendants, this case is factually distinguishable from Flores-Ortega and Thompson v. United States, 504 F.3d 1203 (11th Cir. 2007).[5] Unlike here, Flores-Ortega did not involve a plea agreement or an appellate waiver, and Flores-Ortega had expressed an interest in filing an appeal. Thompson is distinguishable because Thompson's counsel had not, before sentencing, discussed with him his right to appeal; Thompson expressed dissatisfaction with his sentence when compared to that of his codefendants; and

---

[5] In Thompson, the Eleventh Circuit reversed the district court's denial of the defendant's § 2255 petition finding that counsel had failed to adequately consult with the defendant about his right to appeal the sentence.

Thompson asked his counsel about an appeal immediately after his sentencing. Notably too. Thompson did not plead guilty to a plea agreement that included a waiver of appeal provision.

On the other hand, the defendants' claims are factually indistinguishable from the circuit's recent decision in <u>Otero</u>, a case prosecuted in this division and where the circuit found that counsel had not rendered constitutionally ineffective assistance. The similarities include: (1) Otero's plea agreement contained an appeal waiver identical to the defendants', (2) Otero and his defense counsel discussed the appeal waiver several times prior to pleading guilty but no additional consultation on the topic occurred after the imposition of sentence, and (3) the district court, after considering Otero's and counsel's conflicting testimony at an evidentiary hearing, rejected Otero's representation that he had directed counsel to file a notice of appeal. The <u>Otero</u> panel assumed that counsel failed to consult with his client about "the advantages and disadvantages of taking an appeal" as discussed in <u>Flores-Ortega</u>'s consultation requirement; nevertheless, the court "conclude[d] that Otero's trial lawyer had no constitutional duty to consult Otero about an appeal and thus did not render constitutionally ineffective assistance by failing to do so." <u>Otero</u>, 499 F.3d at 1269. Namely, "under the circumstances of [Otero's] case, [there was] no constitutional duty to consult in the first place." <u>Id.</u> at 1269 n.1. The court's analysis weighed the plea agreement and appeal waiver heavily in the government's favor.

> In answering the question of whether a rational defendant would want to appeal his sentence, it is relevant to ask whether there are any potential non-frivolous grounds for appeal, whether there was a guilty plea, and whether the plea expressly waived the right to appeal. <u>See Flores-Ortega, id.</u> at 480, 120 S.Ct. at 1036. All those factors weigh heavily in favor of the government

in this case.  The plea agreement signed by Otero contained a typical appeal-waiver provision, pursuant to which Otero "expressly waived the right to appeal his sentence, directly or collaterally, on any ground."  This broad waiver contained four exceptions.  Those exceptions allowed Otero to appeal (1) "an upward departure by the sentencing judge," (2) "a sentence above the statutory maximum," (3) "a sentence in violation of the law apart from sentencing guidelines," or (4) any sentence if the Government appealed. Otero does not argue that any of these exceptions apply in this case. Therefore, on account of the plea agreement's broad appeal waiver, any appeal taken by Otero would have been frivolous and would have been an appeal that no rational defendant would have taken.

Id., 499 F.3d at 1271.

The facts here are not materially different than those in Otero.  And the defendants' claim should be rejected for the same reason announced in Otero: "Because no rational defendant in [the defendant's] position would have sought to appeal in light of the broad appeal waiver, and because [the defendant] did not communicate to his lawyer a desire to appeal." Id.  Thus, the defendants' counsel were "not under a constitutional obligation to consult [with them] about an appeal." Id.

III.

Consistent with Otero, none of the defendants are entitled to a delayed appeal because (1) each knew that the appeal waiver in his plea agreement precluded his appealing either the conviction or the calculation of sentence; (2) each knowingly waived his right to appeal and received the benefits of his agreed bargain with the government; (3) none of the defendants ever timely requested his counsel to file a notice of appeal; and (4) defense counsel, given these circumstances, had no constitutional obligation to consult with their respective client about appealing after the sentences because no rational defendant in

- 9 -

that position would have sought an appeal. Accordingly, Sijuentes's, Hinojosa's, and Henrique's motions to vacate under 28 U.S.C. § 2255 should be denied.

IT IS SO REPORTED in Tampa, Florida, on January 4, 2008.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendation contained in this report within ten days from the date of service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by the district judge. See 28 U.S.C. § 636(b)(1); Rule 72, Fed. R. Civ. P.; and Local Rule 6.02.